William Banks by his Will devises thus “ I give & bequeath “ to my Son Ralph Banks (Conditionally that he no way alienate “ or transfer my Land hereafter mentioned to any other Use *B305 “ than to the Use & Uses that shall be by me herein declared) “ all & every Part of my Home Dividend of Land where 1 now “ live Even to him my Son Ralph & the Heirs of his Body law- “ fully begotten for ever meaning his Children present or here- “ after to whom the Right & Inheritance of in & to the said “ Land shall descend & go in Case they or any of them survive “ him But in Case he survives all of them that my said Son “ Ralph shall be at his own Liberty to will & devise the Premes “ as he shall think fit
The Question is Whether Ralph by this Devise took an Estate tail or only an Estate for Life and his Children an Estate in Fee in Jointenancy after his Death in Case they survived him
And I conceive that Ralph took only an Estate for Life with a contingent Pee however in Case he survived all his Children And that such of his Children who survived him take an Estate in Fee in Jointenancy
It seems needless to enforce that plain & almost uncontroverted Doctrine that in the Construction of Wills the precise Form of Words is not so much regarded as the Intention of the Testor And that this Intention is to be collected from the whole Will To illustrate this by a Familiar Instance If a Devise be to A. & his Heirs in one Part of a Will Which Words we know make a Fee simple Yet if afterwards in another Part the Estate is limited to another in Case A. die without Issue It makes an Estate tail by Impl. & Constr. of the Testors Meaning collected from both these Passages or Clauses In this & 20 other Instances that might be mentioned It appears that latter Words or Sentences [284] in a Will may so controul or explain former Words as to give them a different Sense & Meaning from what they naturally or in strict Constr. of Law would bear It is indeed so known & plain a Rule in the Constr. of Wills that I am persuaded it will not be denied on the other Side
To apply this to the present Case Here is a Devise to one & the Heirs of his Body This with’t all Question would make an Estate tail if nothing followed or preceded to shew the Testor had another Meaning & Intention which I must now endeavour to shew But I -will first beg Leave to read the whole Clause in the Will relating to this Devise
I apprehend Sir upon the bare Reading It must appear the Testor intended something more than meerly to give his Son an Estate tail What need of so many Words for that Purpose *B306 when a single Line would have done I apprehend too it is as plain that the Testor intended the Inheritance (It is his own Expression) should go to all the Children of his Son who happened to survive him And then the Son could not take an Estate tail for if he did the Inheritance would be in him & go to his eldest Son alone
There is nothing in the whole Clause that carrys the least Appearance of an Estate tail being intended to the Son but the Words Heirs of the Body And when it is considered for what Purpose the Testor made Use of those Words & what he meant by them as he himself has explained it It will be mighty clear as I conceive that he did not intend them as Words of Limitation or with any Design to increase or enlarge the Estate given to his Son but to quite another Purpose
In the first Part of the Devise He gives to his Son Ralph without adding more Upon condition too that he sho’d not alien or transfer to any other Use than the Use & Uses mentioned in his Will It will be agreed that nothing more than an Estate for Life would pass to Ralph by these Words And I must submit whether this be not some Proof of the Testors first & primary Intention to give no more than an- Estate for Life Then the Condition not to alien in my apprehension is a further Proof that he did not intend an Estate tail Since the most ignorant know that Tenant in Tail cannot alien or sell But it is not perhaps so well known that Ten’t for Life with a contingent Fee (w’ch is the Estate I conceive the Testor intended Ralph) cannot sell And that might be the Occasion of adding this Condition Then he is not to alien to any other Use than the Use & Uses [285] in the Will Would a Man have expressed himself thus who intended nothing more than an Estate tail What could he mean by the Uses in his Will if that was his Intent & there was but one Use or Estate intended to [sic] given
To proceed to the Will after this Devise to his Son & this Condition he adds “ Even to him my Son Ralph & the Heirs “ of his Body for ever meaning his Children present or hereafter ” Had the Devise gone no further than to the Heirs of his Body I agree it would have made an Estate tail but when he adds meaning his children &c. He has explained what he meant by Heirs of the Body viz. the Children present & hereafter Which is a clear Proof he did not intend the Words Heirs of his Body as Words of Limitation to encrease or enlarge the Estate given *B307 to his Son but only as a Designation or Description of his Sons Children And therefore in our Law Phrase Heirs of the Body here cannot be taken as Words of Limitation but as Words of Purchase not to ncrease o: enlarge the Estate given to his Son but to point out other Persons he intended sho’d take by this Devise
It is a very usual Thing in Wills to construe the Word Issue, Issue Male Heirs of the Body & such like to be Words of Purchase that is a Designation or Description of a Person intended to take It is a Rule of Law laid down in Shellys Case 160. 99. & other Books that where the Ancestor takes an Estate or Freehold a Limitation afterwards to his right Heirs or Heirs of his Body are Words of Lim & not of Purchase As a Devise to a Man for his life which is an Estate of Freehold & after his Death to the Issue of his Body This makes an Estate tail as was adj’d King a Melling 1 Vent. 225. But notwithstanding this Rule where Issue in such a Devise appears by the Testors Intention to be only Designation Person* There it shall be taken as a Word of Purchase And the Testors Intent shall prevail ag’t this Rule of Law As in
Archers Case 1 Co. 66. cited FitzG. 24. Devise to A. for Life & afterwards to the next Heir Male & the Heirs of the Body of such Heir Male It was adj’d that A. took only an Estate for Life And the Heir Male took by Purchase for Words of Lim being grafted on the Word Heir shew it was used as Designatio Persones & not for Lim of Estate (a).
In a late Case betw. Pampillon & Voyce in 1728. before the late Master of the Rolls Devise to his Son for Life Rem’r to Trustees for his Life to support contingent Rem’rs Rem’r to the Heirs of the Body of his said Son. Reversion to himself in Fee Decreed the Son had only an Estate for Life And that th H irs of his Body sho’d take by Purchase Abr. Ca. in Eq. 184. 30.
See also Bamfield & Popham Id. 133. 24. — Backhouse & Wells cited in Shaw & Weigh FitzG. 22. Clerk & Day Ibid. 24. And Raymonds Argum’t in that Case
[286] In all these Cases the words Heirs of the Body Issue Male & Heir Male were construed to be Words of Purchase notwithstanding the Rule of Law before mentioned The Testors Intention appearing to be so which Intention in the two first *B308 Cases was collected principally from his grafting the Inheritance on the Estate given to the Issue And so they are Cases directly in Point to prove 1. that in a Will Issue Heirs of the Body et similia are often taken as Designatio Persons or Words of Purchase And 2. Especially where it appears the Testor intended the Inheritance sho’d go to & vest in the Issue which is the Case here as I shall shew presently
In the Case of Shaw & Weigh before mentioned the Qeustion was whether Issue should be taken as a Word of Limitation or Purchase' Lord Raymond who delivers the Opinion of the Court observes fo..24. 25. that Issue in a Conveiance is a Word of Purchase But in Wills it is governed & directed by the Intent of the Party And adds when Issue is Designatio personae It can carry only an Estate for Life to him whose Issue is to take by such Designation
Now in the Case before us nothing can be clearer than that by Pleirs of the Body the Testor intended no more than a Description of his Sons Children He has told us so himself meaning says he his Children And then by the Rule laid down by Raymond the Son can take no more than an Estate for Life But when we consider what follows the Word Children in the Will the Matter seems to be put beyond all Doubt or Question The Words are “ To whom i.e. the Children the Right & Inheritance of in & to the said Land shall descend & go in Case they or aeny of them survive him
Here are words of Inheritance grafted upon & annexed to the Word Heirs or Children And therefore expressly the Reason of Archers Case & the Case of Lodington & Kyme before cited where the Words Heirs Male & Issue Male are construed Words of Purchase even ag’t an established Rule of Law that they shall be Words of Lim where the Ancestor takes an Estate of Freehold meerly because the Inheritance is limited or grafted upon the Estate given to the Issue Here the Testor has expressed himself in the clearest Terms that the Inheritance shall descend to the Children And so the Case is rather stronger than those As it does ex vi termini & in the most obvious Sense exclude the Father from taking the Inheritance
Further the Inheritance is not limited to the eldest Son which would make it look more like an Estate tail but to the Children present & future if they or any of them survive him The Words Children present & future & They or any of them shew he in *B309 tended [287] an equal Benefit to all the surviving Children & not that one should run away with the whole as he will do in Case Ralph is construed to take an Estate tail
In a few Words Can there possibly be a Doubt of a Mans Meaning & Intention who gives Land to his Son & his Children And then declares that the Inheritance shall descend to the Children after the Fathers Decease which is the Sum & Substance of the Devise before us What can be intended by such a Devise but an Estate for Life to the Father & a Fee to the Children
To construe this an Estate tail in Ralph All the latter Part of the Clause where the Testator declares the Inheritance shall descend to the Children must be entirely rejected & thrown out of the Question contrary to a known & established Rule of Construction that a Will shall be so construed as to make all the Parts of it stand & all the Words have some Effect if they are significant & sensible FitzG. 23. Fr. Raymond Now that these Words are significant & sensible-can not be disputed Nay they have a plain apparent & express Meaning & therefore they must not be rejected And I insist upon it that they cannot have any Effect or Operation but by the Constr. I contend for Which Constr. gives them the Force & Effect they were intended for & is plainly expressed viz. that the Children shall have the Inheriance.
As the whole Will is before the Court I must beg Leave to take Notice of a Circumstance w’ch may serve further to shew the Testors Intention There was an elder Son than Ralph the Devisee to whom the Testor gives 50£. in Bar from ever claiming any Part of his Estate From whence I think it is plain he intended to exclude this eldest Son entirely from the Inheritance But if this is construed an Estate tail in Ralph There is a Reversion expectant undisposed of & which descended to the eldest Son So that upon a Failure of Issue in Ralph the Estate would come to him This cannot well be supposed to be the Testors Meaning when he has given such a Legacy to his eldest Son in Bar of his claiming any Part of his Estate Now by the Constr. I contend for the Fee simple vested either in Ralph if he survived all his Children or in the Children if they survived him And so there is nothing left to descend to the eldest Son
Upon the whole I conclude that the Words of the Devise before us can never be satisfied but by construing it to carry an Estate for Life to his Son with a Rem’r in Fee to such of his Children *B310 as survived him And if he survived them all Then a Fee to him upon that Contingency This I say I apprehend must be the Constr. from the Force of the Words from whence we are to collect the Testors Meaning & Intention
Ante 285 Lodington & Kyme — 1 Sal. 224. & FitzG. 23. cited by [288] Raymond Devise to A. for Life And in Case he shall have Issue Male to such Issue Male & his Heirs for ever And if he die without Issue Male Rem’r over Adj’d that A. took only an Estate for Life And that the Issue took by Purchase the Inheritance being annexed & limited to the Word Issue
In this Case the Court were all clearly of Opinion that the Testor intended nothing more than an Estate tail to Ralph And that what was added after Heirs of the Body should be rejected as superfluous And so the Bill was dismissed April 1739.
Which I think a right Judgment.

 So Ledington & Kyme post.